## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

| | |
|---|---|
| WILLIAM WHITE, : | |
| : | |
| Plaintiff, : | |
| v.  : | CASE NO.:  7:24-CV-78 (WLS) |
| : | |
| THOMAS J VILSACK, : | |
| : | |
| Defendant. : | |
| _____ : | |

### ORDER

Before the Court is Plaintiff William White's ("Plaintiff") Motion to Appoint Counsel (Doc. 2) and Motion to Proceed *in forma pauperis* ("Motion to Proceed IFP") (Doc. 3). For the reasons discussed below, Plaintiff's Motion to Appoint Counsel (Doc. 2) is **DENIED** and Plaintiff's Motion to Proceed IFP (Doc. 3) is **GRANTED**. However, at present, the Complaint fails to state a claim upon which relief can be granted. Plaintiff is thus **ORDERED** to file an amended complaint within **twenty-one (21) days** of the entry of this Order. If Plaintiff fails to file an amended complaint as ordered herein, Plaintiff's complaint may be dismissed without prejudice without further notice or proceeding.

**I.    MOTION TO APPOINT COUNSEL**

Plaintiff moves the Court to appoint him counsel in the case. (Doc. 2) However, "[a] plaintiff in a civil case has no constitutional right to counsel." *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). And Plaintiff has directed the Court to no other authority, and the Court can find none, which would entitle him to counsel in this type of case. As such, the Court finds that no appointment of counsel is warranted. Plaintiff's Motion to Appoint Counsel (Doc. 2) is, accordingly, **DENIED-WITHOUT-PREJUDICE**. The Court on its own may reconsider appointment of counsel upon further development of the case, if the case goes forward.

## II.   MOTION TO PROCEED IFP

Under 28 U.S.C. § 1915(a)(1), the Court "may authorize . . . any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor."[1] *See also Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (explaining that § 1915 is designed to provide indigent litigants with meaningful access to courts). In determining whether a litigant may proceed without prepayment of the filing fee, the Court must follow a two-step process. *Procup v. Strickland*, 760 F.2d 1107, 1114 (11th Cir. 1985). First, the Court assesses Plaintiff's ability to prepay the costs and fees associated with filing a civil case in district court. *Id.* Second, "[o]nly after making a finding of poverty," the Court reviews the validity of the complaint, as required by 28 U.S.C. § 1915(e). *Id.*

### A.   Poverty

At the first step, the Court finds that Plaintiff meets the poverty requirements of 28 U.S.C. § 1915. According to Plaintiff's affidavit, he has a total monthly income of $2,800 in the form of retirement benefits. (Doc. 3 at 2). But Plaintiff's expenses of $4,189.00 well exceed that income. (*Id.* at 4–5). Although Plaintiff has significant assets in the form of his home and a vehicle, those assets appear to be financed, rather than owned outright. Plaintiff thus would be unable to put them up as collateral to secure a loan to pay the filing fee. (*Compare* Doc. 3 at 3) (house value of $264,000 and motor vehicle value of $18,000); (*with id.* at 4) ($1,200 per month home-mortgage and $850.00 car payment). Considering the totality of the amounts averred in the Motion, the Court finds that Plaintiff meets the poverty requirements of § 1915 and is unable to pay the entire filing fee. Therefore, Plaintiff's Motion to Proceed IFP (Doc. 3) is **GRANTED**.

### B.   The Complaint

At the second step, the Court reviews the validity of Plaintiff's Complaint (Doc. 1). Generally, the Court must dismiss complaints under 28 U.S.C. § 1915(e) that (i) are frivolous or malicious, (ii) fail to state a claim upon which relief may be granted, or (iii) seek monetary

---

[1] Although Congress used the word "prisoner" here, 28 U.S.C. § 1915 applies to non-prisoner indigent litigants as well as prisoners. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

relief against defendants who are immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Watkins v. Joy*, 782 F. App'x 892, 893 (11th Cir. 2019) ("A district court is obligated to dismiss an *in forma pauperis* complaint if it determines that the action fails to state a claim on which relief may be granted." (internal quotation marks omitted)).

The Court proceeds to the merits of Plaintiff's Complaint. In doing so, the Court accepts all factual allegations in the Complaint as true. *Hughes v. Lott*, 350 F.3d 1157, 1159–60 (11th Cir. 2003); *Watkins*, 782 F. App'x at 895 (citing *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008)). The Court construes the Complaint liberally because it is brought *pro se*. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."). This leniency, however, does not afford Plaintiff "special advantages not bestowed on other litigants," nor does it excuse him from obeying all local and procedural rules, including those governing pleadings. *Procup*, 760 F.2d at 1115. The Court will neither be a pro se litigant's lawyer, *see Jarzynka v. St. Thomas Univ. of L.*, 310 F. Supp. 2d 1256, 1264 (S.D. Fla. 2004), nor will it rewrite or "fill in the blanks" of a defective pleading. *See Brinson v. Colon*, No. CV411-254, 2012 WL 1028878, at *1 (S.D. Ga. Mar. 26, 2012), *report and recommendation adopted*, No. CV-411-254, 2012 WL 1255255 (S.D. Ga. Apr. 13, 2012).

Accordingly, Plaintiff must still comply with Federal Rule of Civil Procedure 8, which requires that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Although a complaint need not contain "detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). Similarly, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alterations in original) (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *see generally McDowell v. Gonzalez*, 424 F. Supp. 3d 1214, 1220 (S.D. Fla. 2019) (so stating).

As alleged, Plaintiff was formerly employed with the United States Department of Agriculture ("USDA") in the Food Safety and Inspection Service Agency as a Consumer Safety Inspector. (Doc. 1 at 3). In August 2020, he filed "a conflict-of-interest complaint [("the USDA Complaint")] with the [USDA] against Dr. Ghias Mughal, the Deputy District Manager. (*Id.* at 5). Prior to the USDA complaint, Plaintiff's work performance had "never been an issue" and he "received the previous two years the highest annual work-related appraisals the federal government could offer[.]" (Doc. 1 at 6).

The USDA Complaint alleged that Dr. Mughal "gave preferential treatment to the owner of the plant [Plaintiff] was charged with inspecting." (*Id.*) In particular, the plant in question was at risk of closure because of "inhumane treatment of animals[,]" but Dr. Mughal intervened "inappropriately and without proper authority" to prevent the closure. (*Id.*) Plaintiff appears to have believed Dr. Mughal improperly intervened because "Dr. Mughal and the plant owner were Muslim friends who came from the same city in the same country." (*Id.*)

When USDA investigated the USDA complaint, they "declined to find [Dr. Mughal] guilty of the charge." (Doc. 1 at 5). But the USDA complaint "angered" Dr. Mughal, who "resorted to taking illegal retaliatory measures against [Plaintiff]" to "take retribution by demotion or by forcing [Plaintiff] to resign." (*Id.*) In particular, "Dr. Mughal and his surrogates too[sic] retaliatory measures" including "unjustified removeable [sic] from a prime work position to a much less favorable position[,]" "[d]enial of performance related monetary awards[,] . . . mental and verbal abuse[,] . . . denial of mileage and overtime pay[, and] . . . [d]enied [sic] pay increases that were earned through high annual reviews[.]" (*Id.* at 5–6). As a result of these actions, Plaintiff was "forced to resign two years earlier than planned." (*Id.* at 6). The Court construes Plaintiff's Complaint as bringing a claim under Title VII for retaliation. (*See id.* at 4) ("the discriminatory conduct of which I complain in this action includes . . . "Retaliation." ).[2]

---

[2] The Equal Opportunity Employment Commission ("EEOC") Decision on Request for Reconsideration (Doc. 1-1) that Plaintiff attaches to the Complaint indicates he also complained to the EEOC that the USDA discriminated against him on the bases of "disability [and] age." The body of the Complaint, however, mentions only a claim for Title VII retaliation. (*See* Doc. 1 at 3–4). The Court therefore construes the Complaint as bringing only a Title VII retaliation claim. If Plaintiff wishes to bring a Title VII discrimination claim, he must amend the complaint to properly allege that claim.

4

Title VII prohibits federal government employers from engaging in "any discrimination based on race, color, religion, sex, or national origin" when taking any "personnel actions." *See* 42 U.S.C. § 2000e-16(a). While § 2000e-16(a) does not specifically prohibit retaliation, the Eleventh Circuit has "'long construed § 2000e-16(a)'s prohibition of 'any discrimination' to include claims for retaliation. *Buckley v. Sec'y of Army*, 97 F.4th 784, 798 (11th Cir. 2024). Thus, § 2000e-16(a) requires that "all personnel actions [by federal government employers] must be made free from any retaliation." *Id.* To state a claim for retaliation under § 2000e-16, a plaintiff must sufficiently allege "(1) she participated in an activity that Title VII protects; (2) she suffered an adverse personnel action; and (3) a causal relationship exists between her protected activity and the adverse personnel action." *Id.* (citing *Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008)).

The Complaint fails at the first prong. As protected activity, Plaintiff relies upon his "conflict-of-interest complaint" with the USDA regarding Dr. Mughal's alleged preferential treatment to the owner of the plant. (*See* Doc. 1 at 5). However, under Title VII, an employee engages in protected activity only if she has "(1) opposed an unlawful employment practice, or (2) made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under Title VII's retaliation provision." *EEOC v. Total Sys. Servs.*, 221 F.3d 1171, 1174 (11th Cir. 2000) (citing 42 U.S.C. § 2000e-3(a)). As alleged, Plaintiff's USDA Complaint is only incidentally related to his employment. In other words, the alleged complaint neither opposes any employment practice of the USDA, nor does it concern any proceeding under Title VII. As such, Plaintiff has failed to sufficiently allege that he engaged in protected activity under Title VII. As a result, he has failed to state a claim for Title VII retaliation.

### C. Conclusion: Motion to Proceed IFP

For the foregoing reasons, Plaintiff's Motion to Proceed IFP is **GRANTED**. However, if Plaintiff wishes to proceed with his action, he is **ORDERED** to file an amended complaint within **twenty-one (21) days** of the entry of this Order. If Plaintiff fails to file an amended complaint as ordered herein, Plaintiff's complaint may be dismissed without prejudice without further notice or proceedings.

If Plaintiff files an amended complaint, he must present each claim separately, alleging sufficient facts that clearly identify the purported injury, discrimination, or deprivation allegedly committed by Defendant, identifying those actions on the part of Defendant that are alleged in that claim. In doing so, the amended complaint should not contain conclusory, vague, or immaterial facts that are not obviously connected to any particular cause of action.

**SO ORDERED**, this 11th day of September 2024.

                                        **/s/ W. Louis Sands**
                                        **W. LOUIS SANDS, SR. JUDGE**
                                        **UNITED STATES DISTRICT COURT**