IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| WILLIAM WHITE, : | |
| : | |
| Plaintiff, : | |
| v. : | CASE NO.: 7:24-CV-78 (WLS) |
| : | |
| THOMAS J VILSACK, : | |
| : | |
| Defendant. : | |
| : | |

**ORDER**

Before the Court is Plaintiff's repleaded complaint, the Amended Complaint (Doc. 5), submitted on September 25, 2024. As background, on September 11, 2024, the Court entered an Order (Doc. 4) granting Plaintiff's *in forma pauperis* ("IFP") Motion (Doc. 3) and ordering Plaintiff to replead his complaint. The Court now reviews the validity of the Amended Complaint, as required by 28 U.S.C. § 1915(e).

**I.     STANDARD OF REVIEW**

Under 28 U.S.C. § 1915(a)(1), the Court "may authorize . . . any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor."[1] *See also Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (explaining that § 1915 is designed to provide indigent litigants with meaningful access to courts). In determining whether a litigant may proceed without prepayment of the filing fee, the Court must follow a two-step process. *Procup v. Strickland*, 760 F.2d 1107, 1114 (11th Cir. 1985). First, the Court assesses Plaintiff's ability to prepay the costs and fees associated with filing a civil case in district court. *Id.* Second, "[o]nly after making a finding of poverty," the Court reviews the validity of the complaint, as required by 28 U.S.C. § 1915(e). *Id.*

---

[1] Although Congress used the word "prisoner" here, 28 U.S.C. § 1915 applies to non-prisoner indigent litigants as well as prisoners. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

1

The Court has already found that Plaintiff meets the poverty requirements of § 1915(a). (Doc. 4 at 2). Thus, all that remains is to review the validity of Plaintiff's repleaded Amended Complaint. *See Neitzke*, 490 U.S. at 324. In doing so, the Court accepts all factual allegations in the Amended Complaint as true. *Hughes v. Lott*, 350 F.3d 1157, 1159–60 (11th Cir. 2003); *Watkins v. Joy*, 782 F. App'x at 892, 895 (11th Cir. 2019) (citing *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008)). The Court construes the Complaint liberally because it is brought *pro se*. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."). This leniency, however, does not afford Plaintiff "special advantages not bestowed on other litigants," nor does it excuse him from obeying all local and procedural rules, including those governing pleadings. *Procup*, 760 F.2d at 1115. The Court will neither be a *pro se* litigant's lawyer, *see Jarzynka v. St. Thomas Univ. of L.*, 310 F. Supp. 2d 1256, 1264 (S.D. Fla. 2004), nor will it rewrite or "fill in the blanks" of a defective pleading. *See Brinson v. Colon*, No. CV411-254, 2012 WL 1028878, at *1 (S.D. Ga. Mar. 26, 2012), *report and recommendation adopted*, No. CV411-254, 2012 WL 1255255 (S.D. Ga. Apr. 13, 2012).

Accordingly, Plaintiff must still comply with Federal Rule of Civil Procedure 8, which requires that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Although a complaint need not contain "detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). Similarly, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alterations in original) (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *see generally McDowell v. Gonzalez*, 424 F. Supp. 3d 1214, 1220 (S.D. Fla. 2019) (so stating).

2

## II.  THE AMENDED COMPLAINT

### A.  Factual Background

Plaintiff brings a claim under Title VII alleging retaliation. (*See generally* Doc. 5). Plaintiff, as alleged, was formerly employed by the United States Department of Agriculture ("USDA") in the Food Safety and Inspection Service as an inspector. (Doc. 5 at 1). Plaintiff brought an Office of the Inspector General "Hotline Complaint" ("OIG Complaint") against his supervisor, one Dr. Ghias Mughal. (*Id.*) The OIG Complaint accused Dr. Mughal of "Mismanagement and Neglect of Duty[.]" (*Id.* at 1, 5). Specifically, that Dr. Mughal intervened on behalf of a personal friend to stop Plaintiff from performing "odd-hour inspections[,]" which uncovered "egregious animal abuse violations that could have closed [Dr. Mughal's friend's] slaughtering plant." (*Id.* at 1). As a result of the OIG Complaint, Plaintiff alleges that he was subjected to a number of retaliatory actions by Dr. Mughal and other superiors. (*Id.* at 1–2).

### B.  Title VII Retaliation

Title VII prohibits federal government employers from engaging in "any discrimination based on race, color, religion, sex, or national origin" when taking any "personnel actions." *See* 42 U.S.C. § 2000e-16(a). While § 2000e-16(a) does not specifically prohibit retaliation, the Eleventh Circuit has long "construed § 2000e-16(a)'s prohibition of 'any discrimination'" to include claims for retaliation. *Babb v. Sec'y, Dep't of Veterans Affs.*, 992 F.3d 1193, 1203 (citing *Porter v. Adams*, 639 F.2d 273, 277–78 (5th Cir. Unit A 1981)). Thus, § 2000e-16(a) requires that "[a]ll personnel actions" by federal government employers "must 'be made free from any' retaliation." *See Buckley v. Sec'y of the Army*, 97 F.4th 784, 798 (11th Cir. 2024) (alterations in original) (quoting § 2000e-16(a)). To state a claim for retaliation under § 2000e-16, a plaintiff must sufficiently allege "(1) she participated in an activity that Title VII protects; (2) she suffered an adverse personnel action; and (3) a causal relationship exists between her protected activity and the adverse personnel action." *Id.* (citing *Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008)).

The retaliation Plaintiff alleges stems from one particular incident: his OIG Complaint against Dr. Mughal. (*See* Doc. 5 at 1–2, 5). The Court found that Plaintiff's Initial Complaint (Doc. 1) failed to state a claim because he had not sufficiently alleged that he

3

engaged in Title VII protected activity. (Doc. 4 at 2–6). Although the Amended Complaint adds significantly more detail regarding the OIG Complaint, that detail changes little. Title VII's retaliation provisions protect employees who engage in limited types of activity and Plaintiff's OIG Complaint, as alleged, is not a such an activity. The Court explains why below.

### 1. Protected Activity

The Title VII retaliation provisions, at 42 U.S.C. § 2000e-3(a), protect employees from retaliation based on two types of activity. The "opposition clause" prohibits an employer from "retaliat[ing] against an employee because the employee 'has opposed any practice made an unlawful employment practice [under Title VII]'." *EEOC v. Total Sys. Servs., Inc.*, 221 F.3d 1171, 1174 (11th Cir. 2000) (citing § 2000e-3(a)). The "participation clause" prohibits an employer from "retaliat[ing] against an employee because the employee 'has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII].'" *Id.* (citing § 2000e-3(a)). The Court construes the Amended Complaint as asserting that the OIG Complaint was protected activity based on both the opposition clause and the participation clause.

### a. Opposition Clause

Plaintiff first asserts that because the conduct he complains of "negatively impacted [his] ability to perform [his] duties thereby threatening [his] employment status" he opposed an unlawful employment practice within the meaning of Title VII. (Doc. 5 at 2). Title VII, however, does not prohibit all improper actions in the workplace which might impact an employee. *See e.g.*, *Brush v. Sears Holdings Corp.*, 466 F. App'x 781, 786 (11th Cir. 2012) (finding opposition to the procedures used in an internal sexual assault investigation was not protected activity); *see also Little v. United Tech., Carrier. Transicold Div.*, 103 F.3d 956, 959 (11th Cir. 1997) (finding opposition to a single racially derogatory remark uttered by a co-worker was not protected activity). Instead, it protects employees from a limited category of actions taken by employers with respect to their employment. *See Little*, 103 F.3d at 959.

Specifically, Title VII prohibits federal government employers from engaging in "any discrimination based on race, color religion, sex, or national origin" when taking "personnel actions[.]" *See* 42 U.S.C. § 2000e-16(a). In other words, an unlawful employment practice

under Title VII, with respect to federal employees, is one that allows race [religion, sex, or national origin] to contribute to any personnel action[.] *See Buckley*, 97 F.4th at 793. Personnel actions "are those actions 'that affect continued employment or pay—things like terminations, demotions, suspensions without pay, and pay raises or cuts—as well as other things that are similarly significant standing alone.'" *See Davis v. Legal Servs. Ala., Inc.*, 19 F.4th 1261, 1266 (11th Cir. 2021) (citing *Monaghan v. Worldpay US, Inc.*, 955 F.3d 855, 860 (11th Cir. 2020)).Plaintiff's proffered OIG Complaint did not oppose such prohibited activity for two reasons.

First, the OIG Complaint Plaintiff relies upon accused Dr. Mughal of conduct which had little relationship to the decisions he makes as a federal employer regarding his employees. (*See* Doc. 5 at 1–2). Instead, the OIG Complaint accused Dr. Mughal of "Mismanagement and Neglect of Duty" with respect to his responsibilities to oversee food safety at a slaughtering plant. (Doc. 5 at 1). While Dr. Mughal's decision to intervene and prevent inspections might have been colored by religious or racial bias, because that bias was not directed at an employee, it was not prohibited by Title VII. *See Buckley*, 97 F.4th at 792–93.

Second, even though Dr. Mughal's alleged misconduct may have diminished Plaintiff's ability to perform his job duties as he understood them, this is not a significant change in employment status, as is required to violate Title VII. Before the OIG Complaint,[2] as alleged, Dr. Mughal prevented Plaintiff from conducting "odd-hour inspections" which Plaintiff believed were justified. At most, this was a minor alteration in the tasks he performed as an inspector. Plaintiff's minor change of duties falls well short of the required significant change in employment status to qualify as a personnel action within the meaning of § 2000e16(a).

Accordingly, Plaintiff has failed to sufficiently allege that he engaged in protected activity under the opposition clause when he filed the OIG Complaint, because, as alleged, the conduct underlying that complaint did not relate to Dr. Mughal's decisions as an

---

[2] Because Plaintiff alleges retaliation based on the OIG Complaint, the only conduct of Dr. Mughal that is relevant to determining whether Plaintiff opposed an employment practice is conduct which occurred before that complaint. *See Tucker v. Fla. Dep't of Transp.*, 678 F. App'x 893, 896 (11th Cir. 2017) ("Logic dictates that the protected conduct must precede the act of retaliation.").

employer regarding an employee or employees, and the minor alteration in Plaintiff's job responsibilities that occurred is insufficient to show a personnel action within the meaning of § 2000e16(a).

### b. Participation Clause

Plaintiff next asserts that his OIG Complaint was protected activity under the participation clause because "he filed a complaint against the employer resulting in an investigation in which [he] participated." (*See* Doc. 5 at 3). However, "[t]he participation clause covers participation in 'an investigation . . . [under Title VII],' that is, an investigation under subchapter VI of Chapter 21 of Title 42 (42 U.S.C. §§ 2000e-2000e-17)." *Total Sys. Servs.*, 221 F.3d at 1174 (citing 42 U.S.C. § 2000e-3(a)). "This clause protects proceedings and activities which occur in conjunction with or after the filing of a formal charge with the EEOC . . . ." *Id.* (citing *Silver v. KCA, Inc.*, 586 F.2d 138, 141 (9th Cir. 1978)).

Here, as alleged, Plaintiff filed an "OIG Hotline Complaint" with the USDA Food Safety and Inspection Service Internal Affairs Division. (Doc. 5 at 5). As such, it was not an activity which occurred in relation to the filing of a formal charge with the EEOC. Accordingly, Plaintiff has failed to sufficiently allege that he engaged in protected activity under the participation clause.

### C. Conclusion

In sum, having reviewed Plaintiff's Amended Complaint, Plaintiff has failed to sufficiently allege that he engaged in protected activity under either clause of § 2000e-3(a). Accordingly, he fails to state a claim for Title VII retaliation. Plaintiff's Amended Complaint is therefore **DISMISSED-WITHOUT-PREJUDICE**. The Court's finding here is limited to Plaintiff's claim as pleaded under Title VII. The Court makes no finding as to whether the particular facts Plaintiff alleges might support a different claim.

**SO ORDERED**, this 11th day of October 2024.

        **/s/ W. Louis Sands**
        **W. LOUIS SANDS, SR. JUDGE**
        **UNITED STATES DISTRICT COURT**